**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROL ANN HANN, | No. 4:25-CV-01602 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN OF SCI-MUNCY, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 10, 2026

Petitioner Carol Ann Hann is currently incarcerated at the State Correctional Institution in Muncy, Pennsylvania (SCI Muncy). She filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn her convictions and sentence entered by the Court of Common Pleas for Luzerne County, Pennsylvania, at docket number CP-40-CR-0002501-2011.[1] For the following reasons, the Court will require Hann to show cause as to why her Section 2254 petition should not be dismissed as barred by the relevant statute of limitations.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[3] In most cases, and as appears to be relevant for Hann's

---

[1] *See generally* Doc. 1.

[2] This Court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also* 28 U.S.C. § 2254 Rule 4.

[3] *See* 28 U.S.C. § 2244(d)(1).

petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[4]  The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[5]

In December 2012, following a jury trial, Hann was convicted of rape of a child, conspiracy to commit rape of a child, incest, corruption of minors, and endangering the welfare of children.[6]  On March 4, 2013, she was sentenced to an aggregate term of imprisonment of 20 years and 9 months to 41 years and 6 months.[7] She was also determined to be a sexually violent predator (SVP).[8]  Hann timely filed a direct appeal with the Superior Court of Pennsylvania.[9]  The Superior Court affirmed Hann's judgment of sentence on August 26, 2014.[10]  It does not appear that Hann filed a petition for allowance of appeal with the Supreme Court of Pennsylvania,[11] and thus

---

[4]   *Id.* § 2244(d)(1)(A).

[5]   *Id.* § 2244(d)(2) (emphasis added).

[6]   *See Commonwealth v. C.A.H.*, No. 628 MDA 2013, 2014 WL 10805971, at *1 (Pa. Super. Ct. Aug. 26, 2014) (nonprecedential); *Commonwealth v. Hann*, No. CP-40-CR-0002501-2011 (Ct. Com. Pl. Luzerne Cnty.).

[7]   *C.A.H.*, No. 628 MDA 2013, 2014 WL 10805971, at *1.

[8]   *Id.*

[9]   *Id.*

[10]   *Id.*, at *1, *2.

[11]   *See Commonwealth v. Hann*, No. 430 MDA 2022, 2022 WL 16754196, at *1 (Pa. Super. Ct. Nov. 8, 2022) (nonprecedential).

her conviction became final for AEDPA purposes on September 25, 2014, when the time for seeking such review expired.[12]

Hann did not seek post-conviction relief until she filed a habeas corpus petition in the state trial court on January 17, 2017.[13] This "habeas corpus" petition was treated as a petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA).[14] Hann, however, maintained that she had mailed her *pro se* PCRA petition in April 2015, and thus it was timely for state post-conviction purposes.[15] After conducting an evidentiary hearing, the PCRA court rejected Hann's argument and dismissed her petition as untimely,[16] and the Superior Court affirmed that decision on November 8, 2022.[17]

It appears that Hann filed several additional *pro se* appeals attempting to challenge the dismissal of her PCRA petition and other trial court orders.[18] Hann filed the first *pro se* notice of appeal on March 31, 2023, which attempted (in error) to

---

[12] *See* PA. R. APP. P. 1113(a) (requiring, generally, that petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed); 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, if petitioner does not appeal conviction to state's highest court, judgment becomes "final" for AEDPA purposes when time for seeking such review in state's highest court expires); *Tomlin v. Britton*, 448 F. App'x 224, 226 (3d Cir. 2011) (nonprecedential) (same).

[13] *See Hann*, No. 430 MDA 2022, 2022 WL 16754196, at *2.

[14] 42 PA. CONS. STAT. § 9541 *et seq.*

[15] *See Hann*, No. 430 MDA 2022, 2022 WL 16754196, at *2.

[16] *See id.*, at *1.

[17] *See id.*, at *1, *4.

[18] *See generally Commonwealth v. Hann*, No. 518 MDA 2023 (Pa. Super. Ct.) (filed March 31, 2023); *Commonwealth v. Hann*, No. 1318 MDA 2023 (Pa. Super. Ct.) (filed September 21, 2023).

challenge the February 22, 2022 dismissal of her PCRA petition.[19]  As the Superior

Court noted in its order to show cause, that dismissal had already been affirmed on

November 8, 2022, and therefore it lacked jurisdiction to consider the appeal because

further review was only available in the Supreme Court of Pennsylvania.[20]  Hann did

not respond to this show-cause order, so the Superior Court quashed the appeal for

lack of jurisdiction on September 27, 2023.[21]

In her other *pro se* appeal (filed on September 21, 2023), Hann attempted to

challenge a trial court order entered on March 31, 2023, that ordered Hann's prior

attorneys to turn over discovery materials to her.[22]  The Superior Court issued an

order to show cause as to why the appeal should not be quashed for three reasons: (1)

because it was untimely, as it had been filed well after the 30-day window to appeal;

(2) because Hann was not an aggrieved party under the order; and (3) because the

appeal was taken from an unappealable order.[23]  Hann responded to the show-cause

order but did not "present legal argument to justify" the Superior Court's

jurisdiction.[24]  Consequently, on July 12, 2024, the Superior Court quashed this

second *pro se* appeal because it had been taken from an unappealable order and

because Hann was not an aggrieved party.[25]

---

[19]  *See Hann*, No. 518 MDA 2023 (Pa. Super. Ct. Aug. 24, 2023).
[20]  *See id.*
[21]  *See Hann*, No. 518 MDA 2023 (Pa. Super. Ct. Sept. 27, 2023).
[22]  *See Hann*, No. 1318 MDA 2023 (Pa. Super. Ct. June 18, 2024).
[23]  *See id.*
[24]  *See Hann*, No. 1318 MDA 2023 (Pa. Super. Ct. July 12, 2024).
[25]  *See id.*

4

Hann filed the instant Section 2254 petition in this Court on August 15, 2025.[26] Her federal petition appears to be filed far out of time.

As noted above, Hann's convictions and sentence became final for AEDPA purposes on September 25, 2014. Yet she did not file her Section 2254 petition until more than *ten years* later. Furthermore, her state PCRA petition was found to be untimely, and that determination was affirmed on appeal. Because that state post-conviction petition was not "properly filed," it did not toll the AEDPA's statute of limitations under 28 U.S.C. § 2244(d)(2).[27] Thus, Hann's instant Section 2254 petition appears to be filed nearly a decade too late.

Even assuming—only for the sake of argument—that Hann had filed a state post-conviction petition in April 2015 and it had been found to be timely, her AEDPA statute of limitations still expired years ago. Presuming that statutory tolling began as early as possible (on April 1, 2015), 188 days had already elapsed on Hann's one-year federal statute of limitations by that time.[28] Then, when the Superior Court denied post-conviction relief on November 8, 2022, and Hann did not appeal to the Pennsylvania Supreme Court within the time permitted, the federal statute of

---

[26] *See* Doc. 1 at 14 (certifying that petition was placed in prison mailing system on August 15, 2025).

[27] *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (holding that, because state court rejected PCRA petition as untimely, petitioner was "not entitled to statutory tolling under § 2244(d)(2)"); *Wallace v. Mahanoy*, 2 F.4th 133, 149 (3d Cir. 2021) (holding that petitioner's PCRA petition was not "properly filed" for statutory tolling purposes because state court had dismissed the petition as untimely and federal courts must "afford deference" to that decision).

[28] *See LaCava v. Kyler*, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations when a timely state-court post-conviction petition is filed).

limitations began running again on December 8, 2022.  Thus, Hann would have had 177 days from December 8, 2022, or until June 5, 2023, to file her Section 2254 petition.  So even if statutory tolling applied (which does not appear to be the case), Hann's Section 2254 petition was still filed more than two years after expiration of the AEDPA statute of limitations. [29]

Thus, upon careful consideration of Hann's state-court and federal filings, as recounted above, it appears that her Section 2254 petition has been filed well out of time.  The Court will therefore require Hann to show cause as to why her federal habeas petition should not be dismissed as barred by the statute of limitations.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1.  Hann shall have **21 days** from the date of this Order to show cause as to why her petition for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time-barred under the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1).

2.  If no response is timely received, the Court will dismiss Hann's Section 2254 petition as time-barred for the reasons stated herein.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[29] Hann's additional appeals in 2023 would not have an effect on her AEDPA statute of limitations, as both appeals were quashed by the Superior Court for lack of jurisdiction.