**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CAROL ANN HANN, | No. 4:25-CV-01602 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN OF SCI-MUNCY, | |
| Respondent. | |

**MEMORANDUM OPINION**

**MARCH 31, 2026**

Petitioner Carol Ann Hann is currently incarcerated at the State Correctional Institution in Muncy, Pennsylvania (SCI Muncy). She filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn her convictions and sentence entered by the Court of Common Pleas for Luzerne County, Pennsylvania, in 2013.[1] Hann, however, has filed her Section 2254 petition well out of time and cannot establish a basis for tolling the statute of limitations, so the Court must dismiss the petition.

## I. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court.[2] In most cases, and as relevant for Hann's habeas

---

[1]   *See generally* Doc. 1.
[2]   *See* 28 U.S.C. § 2244(d)(1).

petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[3]  The AEDPA expressly provides for tolling of this limitations period when "a *properly filed* application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[4]

In December 2012, following a jury trial, Hann was convicted of rape of a child, conspiracy to commit rape of a child, incest, corruption of minors, and endangering the welfare of children.[5]  On March 4, 2013, she was sentenced to an aggregate term of imprisonment of 20 years and 9 months to 41 years and 6 months.[6]  She was also determined to be a sexually violent predator (SVP).[7]  Hann timely filed a direct appeal with the Superior Court of Pennsylvania.[8]  The Superior Court affirmed Hann's judgment of sentence on August 26, 2014.[9]  It does not appear that Hann filed a petition for allowance of appeal with the Supreme Court

---

[3]   *Id.* § 2244(d)(1)(A).
[4]   *Id.* § 2244(d)(2) (emphasis added).
[5]   *See Commonwealth v. C.A.H.*, No. 628 MDA 2013, 2014 WL 10805971, at *1 (Pa. Super. Ct. Aug. 26, 2014) (nonprecedential); *Commonwealth v. Hann*, No. CP-40-CR-0002501-2011 (Ct. Com. Pl. Luzerne Cnty.).
[6]   *C.A.H.*, No. 628 MDA 2013, 2014 WL 10805971, at *1.
[7]   *Id.*
[8]   *Id.*
[9]   *Id.*, at *1, *2.

of Pennsylvania,[10] and thus her conviction became final for AEDPA purposes on September 25, 2014, when the time for seeking such review expired.[11]

Hann did not seek post-conviction relief until she filed a habeas corpus petition in the state trial court on January 17, 2017.[12] This "habeas corpus" petition was treated as a petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA).[13] Hann, however, maintained that she had mailed her *pro se* PCRA petition in April 2015, and thus it was timely for state post-conviction purposes.[14] After conducting an evidentiary hearing, the PCRA court rejected Hann's argument and dismissed her petition as untimely,[15] and the Superior Court affirmed that decision on November 8, 2022.[16]

It appears that Hann filed several additional *pro se* appeals attempting to challenge the dismissal of her PCRA petition and other trial court orders.[17] Hann filed the first *pro se* notice of appeal on March 31, 2023, which attempted (in error)

---

[10]  *See Commonwealth v. Hann*, No. 430 MDA 2022, 2022 WL 16754196, at *1 (Pa. Super. Ct. Nov. 8, 2022) (nonprecedential).

[11]  *See* PA. R. APP. P. 1113(a) (requiring, generally, that petition for allowance of appeal be filed within 30 days after entry of appellate court order sought to be reviewed); 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, if petitioner does not appeal conviction to state's highest court, judgment becomes "final" for AEDPA purposes when time for seeking such review in state's highest court expires); *Tomlin v. Britton*, 448 F. App'x 224, 226 (3d Cir. 2011) (nonprecedential) (same).

[12]  *See Hann*, No. 430 MDA 2022, 2022 WL 16754196, at *2.

[13]  42 PA. CONS. STAT. § 9541 *et seq.*

[14]  *See Hann*, No. 430 MDA 2022, 2022 WL 16754196, at *2.

[15]  *See id.*, at *1.

[16]  *See id.*, at *1, *4.

[17]  *See generally Commonwealth v. Hann*, No. 518 MDA 2023 (Pa. Super. Ct.) (filed March 31, 2023); *Commonwealth v. Hann*, No. 1318 MDA 2023 (Pa. Super. Ct.) (filed September 21, 2023).

to challenge the February 22, 2022 dismissal of her PCRA petition.[18]  As the Superior Court noted in its order to show cause, that dismissal had already been affirmed on November 8, 2022, and therefore the Superior Court lacked jurisdiction to consider the appeal because further review was only available in the Supreme Court of Pennsylvania.[19]  Hann did not respond to this show-cause order, so the Superior Court quashed the appeal for lack of jurisdiction on September 27, 2023.[20]

In her other *pro se* appeal (filed on September 21, 2023), Hann attempted to challenge a trial court order entered on March 31, 2023, which directed Hann's prior attorneys to turn over discovery materials to her.[21]  The Superior Court then issued an order to show cause as to why the appeal should not be quashed for three reasons: (1) because it was untimely, as it had been filed well after the 30-day window to appeal; (2) because Hann was not an aggrieved party under the order; and (3) because the appeal was taken from an unappealable order.[22]  Hann responded to the show-cause order but did not "present legal argument to justify" the Superior Court's jurisdiction.[23]  Consequently, on July 12, 2024, the Superior

---

[18]   *See Hann*, No. 518 MDA 2023 (Pa. Super. Ct. Aug. 24, 2023).
[19]   *See id.*
[20]   *See Hann*, No. 518 MDA 2023 (Pa. Super. Ct. Sept. 27, 2023).
[21]   *See Hann*, No. 1318 MDA 2023 (Pa. Super. Ct. June 18, 2024).
[22]   *See id.*
[23]   *See Hann*, No. 1318 MDA 2023 (Pa. Super. Ct. July 12, 2024).

4

Court quashed this second *pro se* appeal because it had been taken from an unappealable order and because Hann was not an aggrieved party.[24]

Hann filed the instant Section 2254 petition in this Court on August 15, 2025.[25]  The Court, recognizing a potentially dispositive statute-of-limitations issue on the face of Hann's petition, promptly issued a memorandum opinion and order laying out the case's procedural history and requiring Hann to show cause as to why her Section 2254 petition should not be dismissed as time-barred by the AEDPA's one-year limitations period.[26]  Hann timely responded to the Court's show-cause Order.[27]  The Court concludes that her federal petition is barred by the AEDPA's statute of limitations.

As noted above, Hann's convictions and sentence became final for AEDPA purposes on September 25, 2014.  Yet she did not file her Section 2254 petition until almost *eleven years* later.  Furthermore, her state PCRA petition was found to be untimely, and that determination was affirmed on appeal.  Because her state post-conviction petition was not "properly filed," it did not toll the AEDPA's

---

[24]  *See id.*

[25]  *See* Doc. 1 at 14 (certifying that petition was placed in prison mailing system on August 15, 2025); *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

[26]  *See generally* Doc. 14.  This Court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also* 28 U.S.C. § 2254 Rule 4.

[27]  *See* Doc. 5.

statute of limitations under 28 U.S.C. § 2244(d)(2).[28]   Thus, Hann's instant Section 2254 petition was filed more than a decade too late.

Even assuming—only for the sake of argument—that Hann had filed a state post-conviction petition in April 2015 (as she claims) and it had been found to be timely, her AEDPA statute of limitations still expired years ago.   Presuming that statutory tolling began as early as possible (say, on April 1, 2015), 188 days had already elapsed on Hann's one-year federal statute of limitations by that time.[29] Then, when the Superior Court denied post-conviction relief on November 8, 2022, and Hann did not appeal to the Pennsylvania Supreme Court within the time permitted, the federal statute of limitations began running again on December 8, 2022.   Thus, Hann would have had 177 days from December 8, 2022, or until June 5, 2023, to file her Section 2254 petition.   So even if statutory tolling applied, which it does not, Hann's Section 2254 petition still would have been filed more than two years after expiration of the AEDPA's statute of limitations.[30]

---

[28]   *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (holding that, because state court rejected PCRA petition as untimely, petitioner was "not entitled to statutory tolling under § 2244(d)(2)"); *Wallace v. Mahanoy*, 2 F.4th 133, 149 (3d Cir. 2021) (holding that petitioner's PCRA petition was not "properly filed" for statutory tolling purposes because state court had dismissed the petition as untimely and federal courts must "afford deference" to that decision); *Merritt v. Blaine*, 326 F.3d 157, 165-66 (3d Cir. 2003) ("[W]e must defer to the state court's holding that [petitioner]'s PCRA petition was untimely and it follows that it was not 'properly filed' under AEDPA.").

[29]   *See LaCava v. Kyler*, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations when a timely state-court post-conviction petition is filed).

[30]   Hann's additional appeals in 2023 would not have affected her federal statute of limitations, as both appeals were quashed by the Superior Court for lack of jurisdiction.

In sum, Hann's federal habeas petition cannot be saved by statutory tolling under Section 2244(d)(2).  Her Section 2254 claims, therefore, are time-barred unless she can establish some basis for equitable tolling.[31]

The AEDPA's statute of limitations is subject to equitable tolling.[32] Application of this doctrine, however, should be "sparing," occurring "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis.[33]  To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254 petition.[34]  The diligence required is "reasonable diligence," not "maximum feasible diligence."[35]  The extraordinary circumstance, or circumstances, must be "beyond [the petitioner's] control."[36]  Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted.[37]

---

[31]  *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272 (3d Cir. 2022) (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).

[32]  *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 645-49 (2010)).

[33]  *Id.* (alteration in original) (quoting *LaCava*, 398 F.3d at 275) (citing *Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012)).

[34]  *Holland*, 560 U.S. at 649 (citation omitted).

[35]  *Id.* at 653 (citations omitted); *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

[36]  *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 & n.2 (2016).

[37]  *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012).

Hann has not made this difficult showing. In her show-cause response,[38] she first raises issues regarding her arrest and prosecution.[39] These matters are irrelevant to her Section 2254 statute of limitations and equitable tolling.

She next argues that her attorney, Andrew J. Katsock III, performed deficiently.[40] Hann's recounting of the facts is difficult to follow, but it appears that she believes that Attorney Katsock abandoned her following the denial of her direct appeal. Although Hann also asserts that Attorney Katsock did not "perfect an appeal,"[41] that is inaccurate. Eight issues were raised, briefed, and considered on direct appeal and that appeal was denied on the merits.[42]

Hann primarily contends that Attorney Katsock failed to file state post-conviction claims on her behalf, which she maintains prejudiced her from April 2013 to August 2019.[43] Even assuming this allegation is true, it would not merit equitable tolling. Hann has not alleged or established that she was diligently pursuing her post-conviction rights during this six-year timespan. In fact, Hann never filed a Section 2254 petition during this entire period.[44] Moreover, she did

---

[38]  Doc. 5. The Court has thoroughly reviewed Hann's show-cause response, (Doc. 5), and its attachments, (Docs. 5-1 through 5-10).

[39]  *See* Doc. 5 at 1-2.

[40]  *See id.* at 2.

[41]  *See id.*

[42]  *See generally C.A.H.*, No. 628 MDA 2013, 2014 WL 10805971.

[43]  *See* Doc. 5 at 2; Doc. 5-2 at 2.

[44]  Hann appears to allege that she could not file *pro se* post-conviction documents in state court because Attorney Katsock would not withdraw his appearance and Pennsylvania does not permit hybrid representation. *See* Doc. 5 at 2. Even assuming this allegation is true, Attorney

not attempt to file a Section 2254 petition until almost *three years* after her PCRA petition was rejected as untimely in November 2022, again demonstrating a glaring absence of diligence on her part.  Thus, even if Hann could plausibly claim attorney abandonment from 2013 to 2019, she has not established that she was diligently pursuing her rights during this time.

Even assuming, *arguendo*, that equitable tolling applied from 2013 to 2019, Hann has not established that some external factor kept her from pursuing federal habeas relief from 2023 to 2025 or that she was diligently pursuing habeas relief during this period, either.  So equitable tolling does not apply.

The Court thus concludes that Hann's federal habeas petition is barred by the AEDPA's statute of limitations.  Hann has not established a basis for tolling that would render her petition timely, so her Section 2254 petition must be dismissed.

## II.    CONCLUSION

For the foregoing reasons, the Court will dismiss Hann's petition under 28 U.S.C. § 2254 as time-barred.  The Court likewise declines to issue a certificate of appealability, as Hann has failed to make a substantial showing of the denial of a

---

Katsock's representation of Hann in state court would not affect her ability to file a *pro se* Section 2254 petition in federal court to protect her statute of limitations.

9

constitutional right,[45] or that "jurists of reason would find it debatable" whether

this Court's procedural ruling is correct.[46]  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[45]    28 U.S.C. § 2253(c)(2).
[46]    *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).